Dear Ms. LeBlanc:
Reference is made to your request for an opinion of this office regarding the legality of East Ascension Consolidated Gravity Drainage District No. 1 (the "District") providing $1,379,000, either in cash, in in-kind support or in drainage improvements to the Lamar Dixon Expo Center (the "Expo Center"), which is to be located in Ascension Parish.
It is our understanding that the Expo Center project began in September of 1997 when Mr. and Mrs. Bill Dixon made a contribution to the Baton Rouge Area Foundation ("BRAF"), a charitable non-profit organization, in order that the BRAF could begin building the Expo Center. The BRAF formed a limited liability corporation, named The Lamar Dixon Expo Center, L.L.C. (the "L.L.C.") to manage the donation from the Dixons.
The purpose of the Expo Center, in accordance with its mission statement, is:
 "To provide the community with a multi-purpose event facility, with an emphasis on equestrian and 4-H activities, to be used as a resource for education and economic development. [The aim of the Expo Center] is to attract diverse entertainment for the community, in a safe and user friendly environment."
In accordance with this mission, the L.L.C., which is currently seeking to be recognized as a 509(a)(2) tax-exempt corporation under the Internal Revenue Code, purchased 236 acres of land in Ascension Parish. 130 of those acres are intended to be utilized for the Expo Center.
Specifically, you are interested in determining whether a $1,379,000 contribution from the District to the Expo Center would constitute a prohibited donation in violation of the Louisiana Constitution.
Your inquiry must be examined in light of La. Const. Art. VII, Sec. 14(A), which prohibits the loan, pledge, or donation of the funds or assets of the state or any political subdivision "to or for any person, association, or corporation, public or private."
Art. VII, Sec 14 has been interpreted by the Louisiana Supreme Court City of Port Allen v. Louisiana Municipal Risk Agency,439 So.2d 399 (La. 1983), which held that this constitutional provision is violated whenever the state or a political subdivision seeks to give up something of value when it is under no legal obligation to do so. In City of Port Allen, supra, the Court stated: "even if political subdivisions cooperate for a public purpose, they still may not give away their assets to other political subdivisions, the United States government or public or private associations or corporations or to individuals merely for a `public purpose'."
This office is unaware of any provision of law which would obligate or authorize utilization of funds entrusted to a drainage district, for drainage purposes, to be expended on economic development or to provide a community with a multi-purpose event facility. Similarly, with regard to an in-kind contribution of drainage improvements by the District to the facility, even though those improvements might indirectly benefit surrounding citizens, it appears that the purpose of such a contribution would not be drainage, but the economic development of the Expo Center. Therefore, in light of the Supreme Court's decision in City ofPort Allen, it is the opinion of this office that the District is constitutionally prohibited from making a contribution of $1,379,000 to or for the benefit of the Expo Center project.
Please note that this opinion is not an indication of our disapproval of the District's interest in improving Ascension Parish. On the contrary, this office is supportive of all parochial and municipal improvement and economic development projects. We note, however, that the worthiness of the contemplated use of public funds is immaterial to the constitutionality of a transfer of public funds. See: James v.Rapides Parish Police Jury, 113 So.2d 88 (La.App. 2nd Cir. 1959), which interpreted a constitutional provision almost identical to the present Article VII, Section 14.
We trust the foregoing to be of assistance. Should the District Attorney's Office or East Ascension Consolidated Gravity Drainage District No. 1 need further assistance, please do not hesitate to contact us.
Yours very truly,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: ________________________________ JEANNE-MARIE ZERINGUE BARHAM Assistant Attorney General
RPI:JMZB:jv